IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

CHARLOTTE BLANKENSHIP,

      Plaintiff,

v.                                        CIVIL ACTION NO. 1:26-cv-00174

UNITED STATES OF AMERICA, acting through the
RURAL HOUSING SERVICE, UNITED STATES
DEPARTMENT OF AGRICULTURE,

      Defendant.

## COMPLAINT

1.      This case involves a special mortgage loan offered through the United States Department of Agriculture's Rural Housing Service ("RHS"), designed to provide low-income households the opportunity to own their own home when they would otherwise lack the financial resources to do so. Defendant RHS is required by law to utilize foreclosure alternatives to the fullest extent possible to achieve the purposes of the RHS loan program. However, in this case, after Plaintiff Charlotte Blankenship lost her job in 2025, Defendant RHS foreclosed rather than provide Plaintiff the moratorium she had requested. Plaintiff brings this action to save her home and for other appropriate relief.

### JURISDICTION

2.      This Court has jurisdiction over Plaintiff's claims under the Administrative Procedure Act pursuant to 28 U.S.C. § 1331.

3.      Venue is proper in this Court because the actions complained of occurred, and the real estate at issue is located, in Monroe County, West Virginia, within the geographical boundaries of this district.

## PARTIES

4. Plaintiff Charlotte Blankenship is a sixty-one-year-old single woman living alone at 1523 Cooks Run Road, Lindside, Monroe County, West Virginia 24951. She is disabled from her prior employment as a certified nursing assistant.

5. Defendant United States of America, acting through the Rural Housing Service, United States Department of Agriculture ("RHS") is an agency of the federal government headquartered at 1400 Independence Avenue, S.W., Room 5014, Washington, DC 20250-0701. Defendant RHS is the lender, servicer, and holder of Plaintiff's mortgage loan and purchased Plaintiff's home at foreclosure on December 10, 2025.

## STATEMENT OF FACTS

### Mortgage Loan

6. On December 16, 2003, Plaintiff purchased her home at 1523 Cooks Run Road, Lindside, West Virginia.

7. Plaintiff financed the purchase with a mortgage loan from Defendant in the amount of $74,000.00.

8. The Deed of Trust was originated pursuant to Defendant RHS's Single Family Housing Program, which provides low- and moderate-income households the opportunity to own adequate, modest, decent, safe and sanitary dwellings as their primary residence in eligible rural areas.

### Defendant's Servicing Misconduct

9. Plaintiff routinely made her regular monthly payment, including an amount for escrowed property taxes and insurance, for many years.

10. Plaintiff lost her regular, long-time employment in November 2023, and was in and out of work from then until May 2025.

11. Plaintiff fell behind on her monthly mortgage payments after November 2023.

12. Upon losing her employment on May 14, 2025, Plaintiff contacted Defendant RHS to request a moratorium on payments.

13. Federal law requires that Defendant RHS provide various forms of assistance to homeowners facing financial hardship, including a moratorium, which suspends payments of principal and interest for one year, with the option to renew for an additional year. See 42 U.S.C. § 1475.

14. Defendant RHS failed to provide Plaintiff with a moratorium, payment arrangement, or modification.

15. Defendant RHS explained that it had already accelerated Plaintiff's loan and initiated foreclosure.

16. Indeed, Defendant RHS had issued a Notice of Right to Cure Default on May 8, 2025, stating that if Plaintiff did not cure her arrearage within 30 days, Defendant RHS would accelerate her loan.

17. Defendant RHS failed to notify Plaintiff of the ongoing availability of moratorium relief or that the effect of granting the moratorium would be to reverse the acceleration and cancel the pending foreclosure sale.

18. Defendant RHS then retained a foreclosure trustee to conduct a trustee's sale of Plaintiff's home on December 10, 2025.

19. Contrary to the goals of the National Housing Act and the statutory requirements for RHS mortgage loans, Defendant failed to consider Plaintiff for a moratorium or other payment relief prior to foreclosing on December 10, 2025.

20. Defendant's conduct is inconsistent with its responsibilities under the applicable contract, regulations, and other applicable law and in violation of Plaintiff's constitutional right to due process of law.

21. As a result of Defendant's conduct, Plaintiff has suffered the loss of her home, economic loss, worry and stress, and annoyance and inconvenience.

## CLAIMS FOR RELIEF

### COUNT I—VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

22. Plaintiff incorporates all of the preceding paragraphs by reference.

23. The Administrative Procedures Act provides that a reviewing court may "hold unlawful and set aside agency action . . . found to be—arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); see also Loper Bright Enters. v. Raimondo, 603 U.S. 369, 412 (2024) ("Courts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires.").

24. The Secretary of Agriculture is authorized pursuant to 42 U.S.C. § 1475(a) to prescribe regulations granting a moratorium upon the payment of interest and principal on a loan "[d]uring *any time* that any such loan is outstanding." 42 U.S.C. § 1475(a) (emphasis added).

25. However, the Secretary's regulations provide moratorium relief only when a borrower's account is not currently accelerated. See 7 C.F.R. § 3550.207(a)(3).

26. This Court has previously held that RHS's regulatory prohibition on post-acceleration moratorium conflicts with the plain meaning of the enabling statute. See Wood v.

U.S. Dep't of Agriculture Rural Housing Service, No. 2:19-cv-00897 (S.D.W. Va. March 30, 2020); see also United States v. Shields, 733 F. Supp. 776, 784 (D. Vt. 1989).

27. Here, Defendant RHS refused to consider Plaintiff for moratorium relief post-acceleration.

28. Defendant RHS failed to inform Plaintiff that moratorium relief was available after it accelerated her loan.

29. Nor did Defendant RHS notify Plaintiff that the effect of granting the moratorium would be to reverse the acceleration and cancel the pending foreclosure sale, which would deprive Plaintiff of her home.

30. Defendant RHS's conduct and its regulation at 7 C.F.R. § 3550.207(a)(3) is in violation of 42 U.S.C. § 1475(a).

31. Plaintiff has been harmed by Defendant RHS's failure to notify her of her right to post-acceleration moratorium relief and by Defendant's refusal to consider her for such relief.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a) Compensatory damages, costs, and reasonable attorney's fees; and

(b) Declaratory and injunctive relief, including unwinding the foreclosure sale that took place December 10, 2025.

**COUNT II—DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS OF LAW**

32. Plaintiff incorporates the preceding paragraphs by reference.

33. Plaintiff has a recognized constitutional right to due process prior to the deprivation of her property interest in her home.

34. Defendant's acts and failures to act described above deprived Plaintiff of rights guaranteed her by the Constitution and federal law, including her right not to be deprived of her

property without notice and due process of law, in violation of the Fifth Amendment of the United States Constitution.

35. As more fully set forth above, Defendant failed to provide Plaintiff with notice of the ongoing availability of moratorium relief or that the effect of granting the moratorium would be to reverse the acceleration and cancel the pending foreclosure sale, prior to scheduling a foreclosure sale which would deprive Plaintiff of her home.

36. Plaintiff has been harmed by Defendant's failure to notify her of her right to post-acceleration moratorium relief and by Defendant's refusal to consider her for such relief.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a) Compensatory damages, costs, and reasonable attorney's fees; and

(b) Declaratory and injunctive relief to unwind the foreclosure sale that took place December 10, 2025.

## COUNT III—BREACH OF CONTRACT

37. Plaintiff incorporates all of the preceding paragraphs by reference.

38. The Deed of Trust provides that Defendant has a non-discretionary duty to consider Plaintiff for alternatives to foreclosure prior to foreclosing.

39. Statutes applicable via the Deed of Trust specifically require that moratorium relief is available while the loan is outstanding.

40. After wrongfully failing to notify Plaintiff of the availability of moratorium relief and refusing to consider her for the same, Defendant conditioned Plaintiff's right to reinstate on payment of unreasonably and unnecessarily accrued arrearages that would have been avoided had Defendant timely and appropriately reviewed Plaintiff for repayment alternatives in accord with the Deed of Trust and applicable guidance.

41. Defendant has a contractual duty to act in good faith in the performance of the contract between the parties such that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the benefit of their contract.

42. Defendant breached express contractual terms and its contractual duty of good faith and fair dealing as hereinbefore alleged by allowing Plaintiff's indebtedness to unnecessarily accrue and interfering with Plaintiff's duty to perform and right to receive the benefit of the contract by:

(a) failing to provide Plaintiff notices required, including of the availability of post-acceleration moratorium relief;

(b) failing to appropriately conduct review for foreclosure alternatives; and

(c) pursuing foreclosure without meeting the conditions precedent to foreclosure set forth in the contract.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a) Appropriate equitable relief, including specific performance on the contract such that the Court vacate the foreclosure sale that took place December 10, 2025, enjoin the Defendant from taking possession, reinstate the loan, and properly consider Plaintiff for loss mitigation assistance;

(b) Compensatory damages; and

(c) Such other relief as the Court deems equitable and just.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

                **Plaintiff,**
                **CHARLOTTE BLANKENSHIP,**
                **By Counsel:**

/s/ Sarah K. Brown
Sarah K. Brown (WVSB # 10845)

Bren J. Pomponio (WVSB # 7774)
Mountain State Justice, Inc.
1217 Quarrier Street
Charleston, WV 25301
Telephone: (304) 344-3144
Facsimile: (304) 344-3145
*Counsel for Plaintiff*